[No. A073818. First Dist., Div. Four. Jan. 29, 1997.]

YSMAEL GONZALES et al., Cross-complainants and Appellants, v. ABC HAPPY REALTY, INC., Cross-defendant and Respondent.

**COUNSEL**

Estrada & Thomson and Armand M. Estrada for Cross-complainants and Appellants.

Ann Koo and Carl A. Sundholm for Cross-defendant and Respondent.

**OPINION**

**POCHÉ, Acting P. J.**—Code of Civil Procedure section 1038[1] directs a trial court to assess costs against a party who has brought a proceeding for indemnity or contribution without good faith or reasonable cause. The

---

[1]Code of Civil Procedure section 1038 states as follows:

"(a) In any civil proceeding under the California Tort Claims Act or for express or implied indemnity or for contribution in any civil action, the court, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment, motion for directed verdict, motion for judgment under Section 631.8, or any nonsuit dismissing the moving party other than the plaintiff, petitioner, cross-complainant, or intervenor, or at a later time set forth by rule of the Judicial Council adopted under Section 1034 determine whether or not the plaintiff, petitioner, cross-complainant, or intervenor brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint, petition, cross-complaint, or complaint in intervention. If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. An award of defense costs under this section shall not be made except on notice contained in a party's papers and an opportunity to be heard.

"(b) 'Defense costs,' as used in this section, shall include reasonable attorneys' fees, expert witness fees, the expense of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding.

"(c) This section shall be applicable only on motion made prior to the discharge of the jury or entry of judgment, and any party requesting the relief pursuant to this section waives any right to seek damages for malicious prosecution. Failure to make the motion shall not be deemed a waiver of the right to pursue a malicious prosecution action.

question presented here is whether this statute authorizes the trial court to make a supplemental assessment for costs incurred in connection with an unsuccessful, but not frivolous, appeal. We conclude that section 1038 applies to appeals.

## BACKGROUND

After they were sued in connection with a sale of real property, appellants brought respondent into the litigation by filing a cross-complaint for indemnity. At the same time the trial court granted respondent's motion for summary judgment, it found that appellants' cross-complaint was not brought in good faith and with reasonable cause. The trial court awarded respondent defense costs pursuant to section 1038 in the amount of approximately $20,000. This court affirmed the award. (*Gonzales* v. *ABC Happy Realty, Inc.* (May 16, 1995) A062149 [nonpub. opn.].) The Supreme Court denied appellants' petition for review.

Following issuance of this court's remittitur, respondent moved for an award of "additional" and "further attorneys' fees" of more than $24,000 incurred on the appeal from the initial award. Appellants opposed this request with a motion to tax any costs for additional attorney fees. Appellants argued that section 1038 did not apply to appellate proceedings,[2] and, even if it did, the fees sought by respondent were "unreasonable and unconscionable."

The trial court made an order giving each side a partial victory. Appellants' motion to tax was granted to the extent respondent's fee request was reduced to $18,000. Respondent's motion for an additional award was granted in that amount. This timely appeal followed.

## REVIEW

The heart of section 1038 is subdivision (a), which provides: "In any civil proceeding . . . for express or implied indemnity or for contribution . . .

---

"(d) This section shall only apply if the defendant or cross-defendant has made a motion for summary judgment, judgment under Section 631.8, directed verdict, or nonsuit and the motion is granted."

Statutory references are to this code unless otherwise indicated.

[2]Appellants supported this argument by citing "the holding in *Thompson* v. *City of Capitola* (1991) 233 Cal.App.3d 464 [*sic*] . . . where the Court found that absent a showing of bad faith or lack of reasonable cause on appeal, CCP § 1038 does not authorize the award of attorneys' fees incurred in defending the appeal." What appellants did not tell the trial court—but respondent did—was that the Supreme Court granted review of that decision, transferred the cause back to the Court of Appeal for reconsideration of the attorney fee issue, and that the Court of Appeal's second opinion (filed in April of 1992) was not certified for publication.

the court, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment, motion for directed verdict, motion for judgment under Section 631.8, or any nonsuit dismissing the moving party[,] . . . determine whether or not the plaintiff, petitioner, cross-complainant, or intervenor brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint, petition, cross-complaint, or complaint in intervention. If the court should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs, in addition to those costs normally awarded to the prevailing party. . . ."

Subdivision (b) of section 1038 defines " 'defense costs' " as including "reasonable attorneys' fees, expert witness fees, the expense of services of experts, advisers, and consultants . . . where reasonably and necessarily incurred in defending the proceeding." Subdivision (c) specifies that "This section shall be applicable only on motion made prior to the discharge of the jury or entry of judgment . . . ." Subdivision (d) provides "This section shall only apply if the defendant or cross-defendant has made a motion for summary judgment, judgment under Section 631.8, directed verdict, or nonsuit and the motion is granted."

■ Appellants reiterate the essential points they made to the trial court: Section 1038 is a trial cost statute. Its plain language does not cover appeals, but is limited to costs incurred in the trial court up to the point at which the trial court determines that an action for indemnity or contribution "was not brought in good faith and with reasonable cause." Appellants fear that if section 1038 is extended to appeals that do not qualify as frivolous,[3] the right to pursue a potentially meritorious appeal may be severely inhibited.

Prior to 1990 there seems to have been something like a presumption that fee statutes applied to trial and appeal. (See, e.g., *Serrano* v. *Unruh* (1982) 32 Cal.3d 621, 637-638 [186 Cal.Rptr. 754, 652 P.2d 985] and authorities cited.) In *Holtz* v. *San Francisco Bay Area Rapid Transit Dist.* (1976) 17 Cal.3d 648 [131 Cal.Rptr. 646, 552 P.2d 430], our Supreme Court held in effect that the presumption could be rebutted if the statutory language "reveals an intent to limit recovery of attorney fees to those incurred at the trial or pretrial level." (*Id.* at pp. 658-659.) In 1990, however, our Supreme

---

[3]Like respondent, we accept appellants' premise that their previous appeal was not frivolous.

Court limited *Holtz* to its facts[4] by announcing and applying what it found to be "the general rule that statutory attorney fee provisions are interpreted to apply to attorney fees on appeal *unless the statute specifically provides otherwise*." (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 929 [275 Cal.Rptr. 187, 800 P.2d 543], italics added.)

Section 1038 has no language which specifically excludes appeals. The general rule of appellate application therefore governs. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Morcos* v. *Board of Retirement, supra*, 51 Cal.3d 924, 929.)

The order is affirmed.

Reardon, J., and Hanlon, J., concurred.

---

[4]In 1995 the Legislature took the hint by enacting a measure with the express declaration that it was "intended to abrogate . . . Holtz v. San Francisco Bay Area Rapid Transit Dist., 17 Cal.3d 648, 658-659, and to conform . . . to what the California Supreme Court has characterized as 'the general rule that statutory attorney fee provisions are interpreted to apply to attorney fees on appeal unless the statute specifically provides otherwise[.]' (Morcos v. Board of Retirement, 51 Cal.3d 924, 929.)" (Stats. 1995, ch. 181, §§ 1-2 [amending § 1036].)