Filed 2/11/14  Jeld-Wen v. Southcoast Sheet Metal CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| JELD-WEN, INC., | D062591 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. GIC789367) |
| SOUTHCOAST SHEET METAL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.

The Sieving Law Firm, Richard N. Sieving and Jennifer L. Snodgrass for Plaintiff and Appellant.

Archer Norris, W. Eric Blumhardt and Namvar A. Mokri for Defendant and Respondent.

This is the fourth opinion we have issued in this action.  Jeld-Wen, Inc. (Jeld-Wen) appeals from the trial court's award to Southcoast Sheet Metal (Southcoast) of

all of the attorney fees it incurred since October 2009, when Jeld-Wen filed the appeal that was the subject of our third opinion in this action. We conclude that the trial court properly awarded the attorney fees pursuant to Code of Civil Procedure section 1038,[1] and we accordingly affirm the judgment awarding Southcoast $129,760.50, plus interest, in attorney fees.

I

FACTUAL AND PROCEDURAL BACKGROUND

We assume that the parties are thoroughly familiar with the history of this litigation, which our previous three opinions explained in detail.[2] We provide a truncated procedural summary, focusing on the items most pertinent to the issues presented in this appeal and omitting the procedural history concerning defendants other than Southcoast.[3]

---

[1]     Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[2]     The three previous opinion in this matter are: *Jeld-Wen, Inc. v. Action Iron Works, Inc.* (Oct. 29, 2008, D049908) [nonpub. opn.] (hereafter 2008 Opinion); *Jeld-Wen, Inc. v. Action Iron Works, Inc.* (Feb. 17, 2009, D051465) [nonpub. opn.] (hereafter 2009 Opinion); and *Jeld-Wen, Inc. v. Pacific Coast Roofing* (Nov. 17, 2011, D056204) [nonpub. opn.] (hereafter 2011 Opinion).

[3]     Jeld-Wen represents that it has fully satisfied the judgment as to all of the other defendants, so that Southcoast is now the only defendant involved in ongoing proceedings.

A.    *Jeld-Wen Files This Litigation to Recover from Southcoast and Other Defendants*

Jeld-Wen filed this action after Pardee Construction Company (Pardee) obtained a judgment against Jeld-Wen for $1,701,543 based on Pardee's costs of remediating damage from rainwater that leaked into homes through windows installed by Jeld-Wen. In an attempt to recover some of its liability to Pardee from other subcontractors on the development, who Jeld-Wen contended shared responsibility for the water intrusion, Jeld-Wen filed this lawsuit against numerous entities, including Southcoast. As relevant here, the causes of action included negligence, breach of contract, equitable indemnity, equitable contribution and declaratory relief.

Southcoast, along with other defendants, obtained a judgment on the pleadings on the breach of contract and negligence causes of action, and it then successfully moved for summary judgment on the remaining causes of action for equitable indemnity, equitable contribution and declaratory relief.

B.    *Our 2008 Opinion*

In the 2008 Opinion, we reversed the order granting judgment on the pleadings on the breach of contract cause of action in favor of Southcoast and other defendants, and returned the matter to the trial court for further proceedings on the breach of contract cause of action.

C.    *Our 2009 Opinion*

While the first appeal was pending, the trial court awarded attorney fees to Southcoast and other defendants pursuant to sections 1038 and 1717. Jeld-Wen appealed the attorney fee awards. In the 2009 Opinion, we reversed the attorney fee awards. We

3

reversed the award of fees under section 1717 because that award was premised on the defendants obtaining judgment on the pleadings on the breach of contract cause of action, which we reversed in the 2008 Opinion. We reversed the award of fees under section 1038, as that award was based on the defendants' success in obtaining summary judgment on the claims for indemnity and contribution. Specifically, we explained that the summary judgment that Southcoast and the other defendants obtained on the equitable indemnity, contribution and declaratory relief causes of action had effectively been transformed into a summary adjudication by virtue of the 2008 Opinion's reinstatement of the breach of contract cause of action, and therefore no dispositive summary judgment existed to support an award of attorney fees under section 1038.

Although the 2009 Opinion reversed the award of attorney fees under section 1038 on the procedural ground that no case-dispositive order existed as to the equitable indemnity and equitable contribution causes of action, that opinion also specifically analyzed and rejected all of Jeld-Wen's other challenges to the fee award under section 1038. As relevant here, the 2009 Opinion established that one of the fundamental prerequisites for an award of fees under section 1038 was present because Jeld-Wen lacked reasonable cause to pursue this action against Southcoast after September 7, 2006. Further, we stated that Southcoast and the other defendants could bring another motion for attorney fees under section 1038 in the event they prevailed on summary judgment or another motion specified in section 1038.

4

D.   *Our 2011 Opinion*

Upon remand, Jeld-Wen attempted to voluntarily dismiss the remaining cause of action for breach of contract, but the trial court rejected the dismissal and granted summary judgment in favor of Southcoast and other defendants on the breach of contract cause of action. The trial court also once again awarded attorney fees to Southcoast and the other defendants pursuant to both section 1717 and section 1038. As to Southcoast specifically, the trial court awarded defense costs of $178,976.91 pursuant to section 1038 and $29,539.70 pursuant to section 1717. Judgment was entered accordingly.

Jeld-Wen appealed. In the 2011 Opinion we concluded that the trial court should have allowed Jeld-Wen to voluntarily dismiss the remaining cause of action for breach of contract rather than considering and granting the summary judgment motions filed by Southcoast and other defendants. We deemed Jeld-Wen's voluntary dismissal of the breach of contract cause of action to be effective as of April 15, 2009, and we reversed the summary judgment on the breach of contract cause of action. Because Southcoast and the other defendants had not prevailed on the summary judgment cause of action, we also reversed the award of attorney fees under section 1717, which requires that a party prevail on a breach of contract claim.

However, we affirmed the award of attorney fees to Southcoast and the other defendants under section 1038. We stated, "[B]y virtue of Jeld-Wen's voluntary dismissal of the breach of contract cause of action, the trial court's 2007 orders granting summary judgment on the equitable contribution, equitable indemnity and declaratory relief causes of action may properly be considered orders granting summary judgment,

5

not summary adjudication. Because [Southcoast and the other defendants] were granted summary judgment in an action for equitable contribution and equitable indemnity, the procedural prerequisites for an award of defense costs under section 1038 are satisfied."

The 2011 Opinion addressed and rejected numerous arguments made by Jeld-Wen against the section 1038 attorney fee award, several of which we had already rejected in the 2009 Opinion.

Among other arguments we addressed in the 2011 Opinion was Jeld-Wen's claim that only a limited category of defense costs qualified for an award under section 1038, namely those incurred in bringing the dispositive motion. We disagreed, explaining that Jeld-Wen's interpretation was overly restrictive and that "[c]ase law authorize[d] an award of defense costs incurred in numerous types of proceedings that take place during the course of litigation," including defense costs incurred on appeal and in seeking an award of attorney fees.

We also rejected Jeld-Wen's argument that Southcoast and the other defendants should not be awarded defense costs incurred during the prior appeals because Jeld-Wen partially prevailed in those appeals. We explained that that an award of defense costs incurred in the prior appeals was warranted because the defendants' efforts in those appeals had assisted them in successfully resolving this litigation. Specifically, we explained that our prior opinions (1) affirmed the trial court's ruling in favor of defendants on the equitable indemnity and equitable contribution causes of action; and (2) resolved issues regarding the availability of defense costs under section 1038 that

6

formed the basis for the defendants' subsequent success on the renewed section 1038 motions.

E.     *Proceedings After Remittitur of the 2011 Opinion*

As we have explained, the 2011 Opinion affirmed the portion of the judgment awarding $178,976.91 to Southcoast pursuant to section 1038. Nevertheless, after the remittitur issued for the 2011 Opinion on February 24, 2012, Jeld-Wen did not agree to pay the judgment to Southcoast. Instead, it filed a motion to modify the judgment to delete a significant portion of the defense costs that had been initially awarded to Southcoast under section 1038 and affirmed by this court. Jeld-Wen argued that because we had determined in the 2011 Opinion that Jeld-Wen dismissed the action with prejudice effective April 15, 2009, Southcoast was not entitled to an award of defense costs incurred after that date. The trial court eventually denied that motion on July 27, 2012, pointing out that in the 2011 Opinion, we unambiguously affirmed the portion of the judgment awarding $178,976.91 in defense costs to Southcoast under section 1038, despite our determination that Jeld-Wen had dismissed the remaining cause of action for summary judgment effective April 15, 2009.

Further, when Jeld-Wen refused to make payment to Southcoast of the $178,976.91 judgment, plus interest, within 30 days after the remittitur from the 2011 Opinion, Southcoast brought a motion in March 2012 to enforce liability on the appellate bond issued by Jeld-Wen's surety. (§§ 917.1, subd. (b), 996.440.)

In May 2012, Jeld-Wen made a payment of $213,120.41 to Southcoast in partial satisfaction of the judgment after the surety indicated it was prepared to make payment

7

on the bond.[4] Jeld-Wen then filed an opposition to Southcoast's motion to enforce liability on the appellate bond, arguing that *Southcoast should reimburse Jeld-Wen* for $25,717.41 of Jeld-Wen's $213,120.41 partial payment of the judgment.

The trial court granted Southcoast's motion to enforce liability on the appellate bond on July 27, 2012, ruling that Jeld-Wen still owed $15,132.68 to Southcoast on the judgment after its partial payment.

Meanwhile, in April 2012, Southcoast brought a motion seeking the attorney fee award that is at issue in this appeal. Specifically, Southcoast brought a motion pursuant to section 1038 to recover the attorney fees it had incurred since Jeld-Wen filed its third appeal in October 2009. As Southcoast explained, the attorney fees were incurred in responding to Jeld-Wen's third appeal as well as in responding to Jeld-Wen's recent motion to reduce the judgment, and in attempting to obtain payment of the judgment from Jeld-Wen through the motion to enforce liability on the appellate bond. Southcoast sought fees in the amount of $129,760.50.

In opposition, Jeld-Wen advanced the same arguments it made in its motion to reduce the judgment, contending again that it should not be required to make payment of attorney fees incurred by Southcoast after the effective date of Jeld-Wen's voluntary dismissal of the remaining cause of action for summary judgment on April 15, 2009. Jeld-Wen also argued (1) that Southcoast should not be granted its attorney fees because

---

4       According to Southcoast, prior to Jeld-Wen's partial payment of $213,120.41, Jeld-Wen owed $228,050.21 on the judgment, including interest.

8

Jeld-Wen partially prevailed on appeal in the 2011 Opinion; and (2) Southcoast's attorney fees were not reasonable or supported with sufficient detail.

The trial court granted Southcoast's attorney fee motion pursuant to section 1038. It awarded $129,760.50 plus interest, citing the principle that defense costs under section 1038 include reasonable fees incurred on appeal. (*Gonzales v. ABC Happy Realty* (1997) 52 Cal.App.4th 391, 394) (*Gonzales*). With respect to Jeld-Wen's argument that the fees should be reduced or denied because it partially prevailed in the 2011 Opinion, the trial court stated that neither policy nor equity required a reduction in fees under the circumstances, and that in any event, it would be "impracticable or impossible to separate or apportion" the fees incurred by Southcoast to unsuccessfully defend the section 1717 fee award from the fees incurred by Southcoast to successfully defend the section 1038 fee award. As the trial court explained, "the same legal work would have been required and the claims at issue overlap or are so intertwined."

The trial court entered judgment awarding Southcoast an additional $129,760.50 in attorney fees under section 1038. Jeld-Wen appeals from the award of attorney fees.

II

DISCUSSION

A. *No Additional Summary Judgment Is Needed for Southcoast to Obtain Its Attorney Fees Incurred on Appeal and After Remittitur*

Jeld-Wen's first argument is that the prerequisites for an award of attorney fees under section 1038 are not present here because Southcoast did not obtain an *additional*

9

summary judgment or prevail on *another* dispositive motion identified in section 1038 to support the latest award of attorney fees.

Section 1038 states that a defendant may seek an award of attorney fees in an action for indemnity or contribution upon "the granting of any summary judgment, motion for directed verdict, motion for judgment under Section 631.8, or any nonsuit dismissing the moving party." (§ 1038, subd. (a).) As Jeld-Wen acknowledges, our 2011 Opinion determined that this prerequisite was established because the trial court granted summary judgment in 2007 on the equitable contribution, equitable indemnity and declaratory relief causes of action. Jeld-Wen argues, however, that because the trial court had *already* made an award of attorney fees under section 1038 in the amount of $178,976.91 based on the 2007 summary judgment ruling, Southcoast is precluded from seeking an *additional* award unless it obtains a "new summary judgment award."

We reject Jeld-Wen's argument. It is well established that once the trial court finds that a defendant is entitled to attorney fees under section 1038, the defendant is entitled not only to the fees it has incurred during its successful defense of the action but may also recover the fees that it subsequently incurs in defending its judgment on appeal. (*Gonzales*, *supra*, 52 Cal.App.4th at p. 395; *Bosetti v. United States Life Ins. Co. v. City of New York* (2009) 175 Cal.App.4th 1208, 1226 (*Bosetti*).) The trial court's award of additional attorney fees to Southcoast is consistent with the principle that a defendant entitled to a fee award under section 1038 is entitled to an award of fees incurred on appeal. There is no need for Southcoast to have prevailed on an *additional* summary judgment.

10

B.      *An Award Under Section 1038 of Attorney Fees Incurred on Appeal Does Not Require a Finding That the Appeal Was Brought in Bad Faith or Without Reasonable Cause*

We next address Jeld-Wen's contention that because it purportedly brought its appeal in good faith and with reasonable cause, the trial court improperly awarded Southcoast its attorney fees incurred on appeal. As we will explain, Jeld-Wen's argument fails because it incorrectly assumes an award of attorney fees incurred on appeal is available under section 1038 only if *the appeal* is brought in bad faith or without reasonable cause.

When a defendant in an action for contribution or indemnity prevails on summary judgment or another dispositive motion listed in the statute, "[t]o avoid an award of defense costs and fees under . . . section 1038, the plaintiff must establish that the action was pursued *both* with reasonable cause and in good faith." (*Bosetti*, *supra*, 175 Cal.App.4th at p. 1226.) However, once the trial court determines that the action was either not pursued in good faith or with reasonable cause, "[a]wards of costs and attorney fees under . . . section 1038 include costs and fees incurred defending the judgment on appeal, *even when the appeal was not frivolous*." (*Bosetti*, at p. 1226, italics added; see also *Gonzales*, *supra*, 52 Cal.App.4th at pp. 394-395 [affirming award of § 1038 attorney fees incurred on appeal even though appeal was not frivolous, and rejecting the appellant's contention that "if section 1038 is extended to appeals that do not qualify as frivolous, . . . the right to pursue a potentially meritorious appeal may be severely inhibited" (fn. omitted)].)

11

Here, it is undisputed that the trial court determined that Jeld-Wen did not maintain the action with reasonable cause, and we affirmed that determination in the 2009 Opinion, specifically stating that Jeld-Wen lacked reasonable cause to pursue its claims against Southcoast after September 7, 2006. Therefore, under section 1038 Southcoast is entitled to an award of the defense costs it incurred defending the judgment on appeal, without a further finding that the appeal itself was brought in bad faith or without reasonable cause.

C. *The Award of Attorney Fees Was Reasonable*

Presenting several interrelated arguments, Jeld-Wen contends that the award of attorney fees was not reasonable. As we will explain, Jeld-Wen's contentions lack merit.

1. *The Award of Attorney Fees Was Reasonable Even Though Jeld-Wen Partially Prevailed in the 2011 Opinion*

Jeld-Wen contends that Southcoast should not have been awarded its attorney fees incurred in the appeal decided in our 2011 Opinion — or those fees should have been reduced — because Jeld-Wen partially prevailed on that appeal. Specifically, Jeld-Wen points out that although the award of attorney fees under section 1038 was affirmed, it did prevail in obtaining a reversal of the attorney fees awarded under section 1717. Jeld-Wen argues that "equity dictates that Southcoast should . . . not be entitled to an award of its attorneys' fees and costs from the prior appeal in which its Judgment was partially reversed," and that the award of fees "effectively sanctions Jeld-Wen for pursuing its ultimately successful prior appeal." (Capitalization omitted.)

12

The trial court rejected this argument based on its determination that it was not possible to separate the fees incurred in addressing Jeld-Wen's challenge to the section 1717 award from the fees incurred in connection with the section 1038 award, as the legal issues were intertwined. "[A]pportionment of fees . . . rests within the sound discretion of the trial court." (*Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 687.) "[F]ees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not. . . . When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required." (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.) "Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units." (*Bell*, at p. 687.)

Based on our in-depth exploration of the pertinent legal issues in the 2011 Opinion, we agree that the attorney fees incurred in defending the section 1717 fee award and the section 1038 fee award were necessarily intertwined. Most notably, the defense of both the section 1717 award and section 1038 award turned on the legal significance of Jeld-Wen's attempt to voluntarily dismiss the remaining cause of action for breach of contract. It was therefore proper for the trial court to determine that all of the fees incurred in Jeld-Wen's prior appeal were reasonable attorney fees necessarily incurred in defense of the action despite the fact that Jeld-Wen partially prevailed on the appeal with respect to the section 1717 fee award.

13

We rejected a similar argument in the 2011 Opinion, where we determined that even though Jeld-Wen partially prevailed in prior appeals, the award of the total amount of fees incurred in those appeals was proper because the outcome of the appeals assisted Southcoast and the other defendants in obtaining a successful outcome. The same is true here, and our previous reasoning applies. Southcoast's efforts, as reflected in the 2011 Opinion, led to the affirmance of a judgment in favor of Southcoast, even though some of the issues were resolved in Jeld-Wen's favor. Accordingly, the attorney fees incurred in defending Jeld-Wen's latest appeal were reasonable and properly awarded under section 1038.

Jeld-Wen attempts to portray itself as having been faced with the "Hobson's choice" of deciding whether to forego a meritorious appeal or risk incurring an additional judgment against it for attorney fees. Jeld-Wen also complains that it is effectively being sanctioned for pursuing an appeal. We are not sympathetic to Jeld-Wen's pleas to equity. Although Jeld-Wen prevailed on its challenge to the section 1717 fee award, it significantly and unnecessarily increased the cost of the litigation for Southcoast with respect to the section 1038 fee award. Specifically, much of Jeld-Wen's appeal of the section 1038 fee award was frivolous because it simply repeated arguments that we had already rejected in previous appeals. Under those circumstances, the trial court reasonably concluded that equity did not support a reduction in the fee award.

14

2. *The Fees Incurred After Remittitur Were Reasonably Incurred Defense Costs*

Although Jeld-Wen does not clearly develop the argument, it appears to contend that the trial court improperly awarded Southcoast the fees it incurred after remittitur in bringing its motion to enforce liability on the appellate bond. Jeld-Wen states that in filing that motion, Southcoast "unnecessarily incur[ed] additional fees and costs" and that Southcoast's claim for attorney fees was "simply a self-inflicted wound."

We disagree. Jeld-Wen ignores the fact that Southcoast *prevailed* in its motion to enforce liability on the appellate bond. Indeed, in granting Southcoast's motion to enforce liability on the appellate bond and in simultaneously denying Jeld-Wen's motion to reduce the judgment, the trial court determined that Jeld-Wen had no reasonable basis for refusing to pay the judgment that Southcoast obtained and we affirmed. Southcoast's post-remittitur attorney fees were thus a reasonable and necessary response to Jeld-Wen's legally unfounded efforts against Southcoast in this action rather than a "self-inflicted wound."

To the extent that Jeld-Wen takes the position that Southcoast's attorney fees incurred in the motion to enforce liability on the appellate bond are not "defense costs" as defined in section 1038, we reject that argument. Under section 1038, a defendant may recover its "defense costs," which the statute defines as including "reasonable attorneys' fees . . . where reasonably and necessarily incurred in defending the proceeding." (§ 1038, subd. (b).) In the 2011 opinion we rejected Jeld-Wen's limited view of "defense costs" as that term is used in section 1038, explaining that it is not limited to attorney fees

15

incurred in bringing a dispositive motion, but includes all aspects of defending an action, including defending an appeal and bringing an attorney fee motion.  Although no case law specifically addresses whether fees incurred in enforcing a judgment are recoverable under section 1038, our Supreme Court has resolved that issue in the analogous situation of attorney fees incurred by a successful defendant in a strategic lawsuit against public participation (SLAPP).  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141.)  *Ketchum* established that under the mandatory fee provision in the anti-SLAPP statute (§ 425.16, subd. (c)), "an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees" and that the defendant may recover "an award of 'collection' fees" for "successfully enforcing a judgment."  (*Ketchum*, at p. 1141 & fn. 6.)  The same principle applies here. Southcoast is entitled to recover all of its reasonable attorney fees, including those incurred in enforcing the judgment that Jeld-Wen refused to pay.

In light of Jeld-Wen's seemingly endless capacity for litigating issues that have already been resolved by our prior opinions, Southcoast requests that we award Southcoast its attorney fees incurred in this appeal.  Under the authority we have discussed above, Southcoast is entitled to recover its attorney fees incurred in this appeal. We remand to the trial court to determine the appropriate amount of those fees.

### DISPOSITION

The judgment awarding Southcoast $129,760.50, plus interest, in attorney fees pursuant to section 1038 is affirmed.  Southcoast is entitled to an award of attorney fees

16

incurred in this appeal, and the matter is remanded for the trial court to determine the appropriate amount of those fees.

_____

IRION, J.

WE CONCUR:

_____

HUFFMAN, Acting P. J.

_____

NARES, J.

17