Filed 10/21/20 Sturm v. Woods CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TIMOTHY STURM,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KATHLEEN MARIE WOODS,<br><br>    Defendant and Respondent. | 2d Crim. No. B300572<br>(Super. Ct. No. 56-2018-00510834-CU-FR-VTA)<br>(Ventura County) |

Timothy Sturm appeals an order awarding Kathleen Marie Woods $21,012 attorney's fees and costs after the trial court granted a directed verdict on Sturm's second amended complaint for paralegal negligence, breach of fiduciary duty and contract, and conspiracy. The court, in awarding fees costs, concluded that appellant brought the action without reasonable cause and in bad faith. (Code Civ. Proc., § 1038.)[1] We affirm,

*Facts and Procedural History*

Appellant, a deputy probation officer for the Los Angeles County Probation Department, was laid off in 2010 after he was disciplined. County entered into a settlement agreement but delayed payment. Appellant hired attorney Lonnie McDowell

_____

[1] All statutory references are to the Code of Civil Procedure.

to enforce the settlement agreement and to file a malpractice action against appellant's former attorney, a nephew by the name of Derek Newman. (Los Angeles Sup. Ct. Case No. BC493608.) The nephew was granted summary judgment and appellant blamed McDowell for the loss.

Acting in propria persona, appellant filed a malpractice action against McDowell in Los Angeles. (*Sturm v. McDowell et al.*, Los Angeles County Sup. Ct. case no. BC591112.) Appellant hired Woods, a paralegal, to help prepare opposition papers to McDowell's motion for summary judgment. After the trial court granted summary judgment for McDowell, appellant sued Woods based on the theory she was in cahoots with McDowell, received money for McDowell to botch the opposition papers in case no. BC591112, and breached her contractual and fiduciary duties as a paralegal.

Woods hired an attorney to answer the complaint, conduct discovery, and represent her at trial, which was a four-hour affair. Appellant called Woods as the only witness, introduced no documentary evidence, and rested. The trial court granted judgment and stated it would entertain a motion for attorney's fees. Woods filed a motion for costs and attorney fees, and after a hearing on the motion and appellant's motion to tax costs, the trial court awarded Woods $21,012 fees and costs.

*Bad Faith*

Appellant contends the evidence does not support the finding that he sued Woods in bad faith. Where the trial court grants a defense motion for a directed verdict, motion for judgment or nonsuit in an action for indemnity or contribution, the trial court, on motion, may award attorney fees if the action was not brought with reasonable cause and in the good faith

2

belief there was a justifiable controversy. (§ 1038; *Gonzales v. ABC Happy Realty* (1997) 52 Cal.App.4th 391, 393-394.) The standard for review of a section 1038 award of attorney fees "is both de novo and substantial evidence. The 'reasonable cause' prong is reviewed de novo, and the 'good faith' prong is reviewed for substantial evidence. [Citation.]" (*Austin B. v. Escondido Union School District* (2007) 149 Cal.App.4th 860, 888.)

The evidence shows that appellant filed the action to intimidate and threatened Woods, so Woods would help appellant strike back at her former attorneys. The tell-all is appellant's email to Woods, sent on April 26, 2018, the same day appellant sued Woods. The email states: "I know you did not make an unintentional error in your preparation of the [summary judgment motion] opposition papers." "My goal remains to hold McDowell, Newman and DuWors accountable for what they have done to me over a period of a decade. You are collateral damage." "The bottom line is that even though I don't wish to hurt you in any way, I will in order to get at McDowell and the others. . . . [¶] [¶] . . . What is ironic is that [McDowell] may get away, leaving you to pay the price for their [offenses.]"

Appellant falsely claimed that Woods was paid by McDowell to sabotage appellant's malpractice action. The second amended complaint alleged a "long history of deceit and collusion between [Woods] and attorneys Derek Newman . . . and Lonnie McDowell as documented in Case No. BC591112." At trial, appellant admitted he had no evidence of a payoff to Woods and that Woods' paralegal work was "perfect" before and after the summary judgment motion. "So what I infer from that is that she was paid off probably by Mr. McDowell . . . to try to kill my cases."

3

The evidence shows it was a vindictive action, brought in bad faith and without reasonable cause, to force Woods to indemnify appellant. Appellant told Woods she was "collateral damage" and "I know that you are under a lot of pressure caring for your disabled husband and family."

*Disposition*

The judgment (award of $21,012 attorney fees and costs) is affirmed. Woods is awarded costs on appeal.

NOT TO BE PUBLISHED.

                                        YEGAN, Acting P. J.

We concur:


        PERREN, J.


        TANGEMAN, J.

4

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

LibertyBell Law Group, Alan Tavelman and Michele Kendall, for Plaintiff and Appellant.

Robert J. Frakes, for Defendant and Respondent.